UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| EUGENE ENGLISH AND BEATRICE ENGLISH | CIVIL ACTION |
|---|---|
| VERSUS | NO: 19-00740 |
| BRIDGET EDMOND, STATE FARM INSURANCE, BUNDY TRUCKING, MARK BUNDY, GREAT WEST CASUALTY, SWIFT TRANSPORTATION, STEVEN SCALICE, RED ROCK RISK RETENTION GROUP, MINERAL MOUNTAIN TRUCKING, KELTON F. HUGHES, AND MIDWEST FAMILY INSURANCE | SECTION: T |

## ORDER

Before the Court is a Motion to Quash and/or Strike Proof of Service[1] filed by Steven Scalice ("Scalice") and Red Rock Risk Retention Group, Inc. ("Red Rock"). Eugene English and Beatrice English ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion to Quash and/or Strike Proof of Service is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2019, Plaintiffs filed this suit against ten defendants, including Scalice and Red Rock.[3] On August 30, 2019, the Court issued a show cause order instructing Plaintiff to file proof of service on six unserved defendants, including Scalice and Red Rock.[4] On September 27, 2019, Plaintiff filed a summons return into the record which indicated that Red Rock and Scalice

---

[1] R. Doc. 29.
[2] R. Doc. 34.
[3] R. Doc. 1.
[4] R. Doc. 27.

1

were served by certified mail.[5] Red Rock and Scalice now move to quash or strike the proof of service contending that service was improper because Red Rock is a foreign corporation and Scalice is a Florida resident.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be made by following state law for serving a summons, delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service. Rule 4(h) provides that service on a foreign corporation may be made by following state law for serving a summons, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and by mailing a copy of each defendant. La. R.S. §13:3204 provides that a plaintiff may serve a foreign defendant by sending the defendant a copy of the citation and petition by registered or certified mail.

The Court agrees that Plaintiff's purported proof of service filed at R. Doc. 28 is insufficient to show that Red Rock and Scalice were properly served. Neither proof of service lists the name of the party who was allegedly served by certified mail or any identifying information such as a certified mail article number. Additionally, neither proof of service demonstrates that the citation and petition were sent by certified mail. Plaintiff's proof of service for Red Rock and Scalice should, therefore, be quashed and stricken from the record.

---

[5] R. Doc. 28.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Quash and/or Strike Proof of Service[6] is **GRANTED,** and the proof of service for Steven Scalice and Red Rock Risk Retention Group, Inc. is quashed and stricken from the record.

**IT IS FURTHER ORDERED** that on or before February 28, 2020 plaintiff's counsel is instructed to file proof of service, or show good cause, in writing, why service of process has not been effected, or Steven Scalice and Red Rock Risk Retention Group, Inc. will be dismissed without notice.

**New Orleans, Louisiana**, on this 29th day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 29.