UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EUGENE ENGLISH AND BEATRICE ENGLISH**

VS.

**BRIDGET EDMUND, ET AL.**

**CIVIL ACTION**

**NO: 19-00740**

**SECTION: T**

## ORDER

Before the Court are are motions for summary judgment: (1) a Motion for Summary Judgment [1] filed by Swift Transportation Company of Arizona, LLC, and (2) a Motion for Summary Judgment filed by State Farm Mutual Automobile Insurance Company and Bridget Edmond.[2] No opposition has been filed. For the following reasons, both Motions for Summary Judgment are **GRANTED**.

## BACKGROUND

On July 31, 2019, Eugene English and Beatrice English ("Plaintiffs") initiated this action for damages arising out of a multi-vehicle accident occurring on January 31, 2018. The accident occurred on I-10 westbound as traffic was coming over the Pearl River Bridge inside the Louisiana state line. There was an issue on the road causing traffic to come to a halt. As the traffic slowed, a tractor-trailer driven by Mark Bundy, traveling in the left lane, rear-ended a Dodge Charger driven by Bridget Edmond, pushing it into a Ford Mustang driven by Anthony Henderson, pushing it into a Lexus driven by Thomas Rogers. All of these vehicles were in the left lane.

---

[1] R. Doc. 87.
[2] R. Doc. 91.

1

In the right lane was a tractor-trailer being driven by Amber Coby, who was able to stop without making contact with any other vehicles. Directly behind her was the Swift tractor-trailer driven by Steven Scalice.

Eugene English was driving a tractor-trailer carrying a concrete piling and was traveling in the left lane. As he saw the Bundy tractor-trailer coming to a sudden stop, he saw the Bundy tractor-trailer smoking and the trailer shaking. Mr. English claimed that he made an effort to "brake down" his tractor-trailer to avoid impact. At the same time, there was a Ford F-150 being driven by Preston Eubanks. Behind Mr. Eubanks' vehicle was a tractor-trailer being driven by Kelton Hughes in the left lane. Plaintiff English's tractor-trailer was struck from behind either by the Ford F-150 or the tractor-trailer driven by Kelton Hughes. At some point, Eugene English struck the rear of the Bundy tractor-trailer. The Ford F-150 being driven by Preston Eubanks was struck from behind by the tractor-trailer being driven by Kelton Hughes in the left lane. The Ford F-150 then struck the rear tandem of the trailer of the Swift tractor-trailer.

Swift now moves for summary judgment contending the undisputed facts show that Plaintiffs will not be able to establish any negligence on the part of Steven Scalice or Swift. Swift claims that Steven Scalice was driving a tractor-trailer for Swift at the time of the accident. However, Swift contends the undisputed material facts show that the tractor-trailer never left the right lane of travel and never made contact with Eugene English's vehicle. Swift asserts that Plaintiffs will be unable to establish the negligence of Steven Scalice or Swift, and that summary judgment dismissing Plaintiffs' claims against Swift is, therefore, appropriate.

Edmond and State Farm also move for summary judgment contending that there is no evidence that Edmond caused or contributed to the accident pointing out that the State Trooper found Edmond was not in violation of any traffic laws. Therefore, Edmond and State Farm claim

that Plaintiffs will not be able to establish the existence of any elements essential to Plaintiffs' claims against Edmond.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[7]

The United States Fifth Circuit has explained that under Louisiana Civil Code article 2315, Louisiana courts apply a duty-risk analysis as follows: 1) Was the affirmative conduct a cause-in-fact of the resulting harm? 2) Was there a duty to protect this plaintiff from this type of harm arising in this manner? 3) Was that duty breached?[8] In Louisiana, the existence of a duty is a question of law, and the question whether a particular risk of harm is included within the scope of a particular duty is a legal issue to be resolved by the court.[9] La. R.S. 32:79(1) provides, "A

---

[3] Fed. R. Civ. P. 56(a).
[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[8] *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1203 (5th Cir. 1992), 950 F.2d at 1203 (*citing Lejeune v. Rayne Branch Hospital,* 556 So. 2d 559, 566 (La. 1990)).
[9] *Id.* at 1205.

vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." La. R.S. 32:81(A) provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic condition of the highway.

In this case, Swift contends there is no evidence that the Swift tractor-trailer ever crossed the center line or entered the left lane of travel or made contact with the tractor-trailer being driven in the left lane by plaintiff, Eugene English. Therefore, Swift asserts that Plaintiffs have failed to present evidence of any conduct of Steven Scalice that would constitute negligence or any evidence that Steven Scalice breached any duty owed. In fact, Eugene English testified that he never left his lane and that the Swift tractor-trailer never left its lane of travel. Based on the testimony provided by Eugene English, the Court finds that the competent summary judgment evidence shows that Plaintiffs will be unable to establish any negligence of Steven Scalice that caused injury to Eugene English. Therefore, Swift is entitled to judgment as a matter of law dismissing Plaintiffs' claims against it.

Edmond contends there is no evidence to support that she breached any duty of care. Edmond points out that she was rear-ended by an 18-wheeler driven by Mark Bundy, while slowing for traffic. Although Plaintiffs alleged that Edmond was following too close and not using reasonable vigilance, Eugene English testified that he has no idea what Edmond was doing prior to the impact. Additionally, Eugene English could not explain how Edmond was negligent in causing his injuries. The Court finds Plaintiffs have failed to present any evidence to support that Edmond was a cause-in-fact of their alleged harm and have failed to present any evidence

that Edmond breached any duty to Plaintiffs. Edmond and State Farm are, therefore, entitled to judgment as a matter of law dismissing Plaintiffs' claims against them.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motions for Summary Judgment[10] are **GRANTED**.

**New Orleans, Louisiana**, on this 17th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Docs. 87 and 91.