UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE ENGLISH AND BEATRICE ENGLISH** | **CIVIL ACTION** |
| | **NO: 19-00740** |
| VS. | |
| | **SECTION: T** |
| **BRIDGET EDMUND, ET AL.** | |

**ORDER**

Before the Court is a Motion for Summary Judgment[1] filed by Mark Bundy, Mark Bundy Trucking, and Great West Casualty Company. Eugene English and Beatrice English have filed an opposition. For the following reasons, the Motion for Summary Judgment[2] is **GRANTED**.

**BACKGROUND**

On July 31, 2019, Eugene English and Beatrice English ("Plaintiffs") initiated this action for damages arising out of a multi-vehicle accident occurring on January 31, 2018. The accident occurred on I-10 westbound as traffic was coming over the Pearl River Bridge in St. Tammany Parish. The vehicles involved and their order of position in the left lane while traveling were:

    a) 2013 Lexus RX 350 operated by Thomas Rodgers;
    b) 2006 Ford Mustang owned/operated by Anthony Henderson;
    c) 2017 Dodge Charger owned/operated by Bridget Edmond;
    d) 2007 Kenworth TK operated by Mark Bundy (directly behind Edmond);
    e) 2011 Peterbilt TK operated by Eugene English (directly behind Bundy);
    f) 2014 Ford F150 operated by Preston Eubanks (directly behind English); and
    g) 2013 Kenworth TK operated by Kelton Hughes (directly behind Eubanks).

It is undisputed that as traffic on I-10 became congested, the Rodgers, Henderson, and Edmond vehicles began slowing down and stopping. As the traffic slowed in front of him, Mark Bundy began slowing down, and his vehicle struck the Edmond vehicle. The English vehicle rear-ended

---

[1] R. Doc. 102.
[2] R. Doc. 102.

1

the Bundy vehicle at some point, either before or after Bundy struck Edmond. Then, the Hughes vehicle rear-ended the English vehicle.

Mark Bundy, Mark Bundy Trucking, and Great West Casualty Company now move for summary judgment contending Plaintiffs' claims should be dismissed because there is no evidence that Mark Bundy contributed to the Plaintiffs' injuries and because Plaintiffs have not come forward with any evidence to establish negligence on the part of Mark Bundy. Plaintiffs, however, contend that Bundy was one cause of the chain collision and that Bundy caused the initial impact by striking Edmund's vehicle. Therefore, Plaintiffs request the Court deny the pending motion for summary judgment.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[7]

---

[3] Fed. R. Civ. P. 56(a).
[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

The United States Fifth Circuit has explained that under Louisiana Civil Code article 2315, Louisiana courts apply a duty-risk analysis as follows: 1) Was the affirmative conduct a cause-in-fact of the resulting harm? 2) Was there a duty to protect this plaintiff from this type of harm arising in this manner? 3) Was that duty breached?[8] In Louisiana, the existence of a duty is a question of law, and the question whether a particular risk of harm is included within the scope of a particular duty is a legal issue to be resolved by the court.[9] La. R.S. 32:81(A) provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic condition of the highway. "[T]he law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by La. R.S. 32:81(A) and is therefore liable for the accident."[10]

It is undisputed that Plaintiffs' vehicle rear-ended the Bundy vehicle at some point, although it is unclear whether that occurred before or after Bundy struck Edmond. Because Eugene English was following Mark Bundy, Eugene English is presumed to be at fault for this collision, unless he can prove that "he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances."[11] However, Eugene English has failed to provide competent summary judgment evidence to rebut the presumption of negligence. Indeed, Eugene English testified that he could not guarantee he would have been able to stop if he had not been rear-ended because he was hauling an 80,000-pound load.[12]

---

[8] *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1203 (5th Cir. 1992), 950 F.2d at 1203 (*citing Lejeune v. Rayne Branch Hospital,* 556 So. 2d 559, 566 (La. 1990)).
[9] *Id.* at 1205.
[10] *Harbin v. Ward*, 147 So.3d 213, 218 (La.App. 1 Cir. 5/29/14).
[11] *Id.*
[12] R. Doc. 102-5.

Plaintiffs cite deposition testimony of Trooper Andrew Levy, where Trooper Levy testified that the initial impact was Bundy's vehicle hitting Edmund's vehicle.[13] However, this is not sufficient evidence to show that Eugene English had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances.[14] The Court finds that the undisputed material facts establish that Plaintiffs have failed to rebut the presumption Eugene English was at fault for the collision with Mark Bundy. Therefore, Mark Bundy, Mark Bundy Trucking, and Great West Casualty Company are entitled to judgment as a matter of law dismissing Plaintiffs' claims.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[15] is **GRANTED**.

**New Orleans, Louisiana**, on this 20th day of November, 2020.

                                              **GREG GERARD GUIDRY**
                                              **UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 118-4.
[14] *Id.*
[15] R. Doc. 102.